United States Bankruptcy Court
Eastern District of New York

In re:                                                                 Case No. 18-47134-cec
Anthony J. Losquadro                                                   Chapter 7
    Debtor

## CERTIFICATE OF NOTICE

District/off: 0207-1       User: acruz            Page 1 of 1        Date Rcvd: May 13, 2019
                           Form ID: 318DI7        Total Noticed: 16

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 15, 2019.
db              Anthony J. Losquadro,    2431 Victory Blvd,    Staten Island, NY   10314-6633
aty            +Rosen & Kantrow, PLLC,    38 New Street,    Huntington, NY 11743-3463
smg            +NYC Department of Finance,    345 Adams Street,    Office of Legal Affairs,
                 Brooklyn, NY 11201-3739
smg            +NYS Unemployment Insurance,    Attn: Insolvency Unit,    Bldg. #12, Room 256,
                 Albany, NY 12240-0001
9417959         Debt Rec Sol,    6800 Jericho Tpke,    Syosset, NY  11791-4436
9417960         Debt Recovery Sol,    PO Box 9003,    Syosset, NY  11791-9003
9417961        +Dmi/Santander Bank NA,    1 Corporate Dr,    Lake Zurich, IL 60047-8945
9420856        +Dovenmuehle Mortgage,    Gross Polowy, LLC.,    1775 Wehrle Drive, Suite 100,
                 Williamsville, New York 14221-7093
9506583        +NYC Water Board,    Andrew Rettig,    Assistant Counsel,    59-17 Junction Blvd,
                 Elmhurst, NY 11373-5188
9417963         Santander Bank,    Mail Code: MA1-MB3-01-21,    2 William T Morrissey Blvd,
                 Boston, MA  02125-3312
9417964         Santander Bank NA,    PO Box 12646,    Reading, PA  19612-2646
9494575        +Santander Bank, N.A.,    c/o Jenelle C. Arnold, ALDRIDGE PITE, LL,
                 4375 Jutland Drive, Suite 200,    P.O. Box 17933,    San Diego, CA 92177-7921
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg            +E-mail/Text: nys.dtf.bncnotice@tax.ny.gov May 13 2019 18:39:08
                 NYS Department of Taxation & Finance,    Bankruptcy Unit,    PO Box 5300,
                 Albany, NY 12205-0300
smg            +E-mail/Text: ustpregion02.br.ecf@usdoj.gov May 13 2019 18:38:48
                 Office of the United States Trustee,    Eastern District of NY (Brooklyn Office),
                 U.S. Federal Office Building,    201 Varick Street, Suite 1006,    New York, NY 10014-9449
9486974         E-mail/Text: nys.dtf.bncnotice@tax.ny.gov May 13 2019 18:39:07
                 New York State Department of Taxation & Finance,    Bankruptcy Section,    P O Box 5300,
                 Albany New York 12205-0300
9417962         E-mail/Text: nys.dtf.bncnotice@tax.ny.gov May 13 2019 18:39:08
                 New York State Dept of Taxation & Financ,    PO Box 5300,    Albany, NY  12205-0300
                                                                                              TOTAL: 4

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 15, 2019                               Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 13, 2019 at the address(es) listed below:
              Avrum J Rosen    on behalf of Trustee Debra  Kramer arosen@rkdlawfirm.com,
               fkantrow@rkdlawfirm.com;ddobbin@rkdlawfirm.com;emeade-bramble@rkdlawfirm.com;ajrlaw@aol.com
              Debra Kramer     dkramer@kramerpllc.com;trustee@kramerpllc.com,  ny73@ecfcbis.com
              Jenelle C Arnold    on behalf of Creditor   Santander Bank, N.A. bkecfinbox@aldridgepite.com,
               jarnold@ecf.courtdrive.com
              Kevin Zazzera    on behalf of Debtor Anthony J. Losquadro kzazz007@yahoo.com
              Office of the United States Trustee    USTPRegion02.BR.ECF@usdoj.gov
              Richard P Fay    on behalf of Creditor   Dovenmuehle Mortgage rfay@grosspolowy.com,
               ECFnoticesGPO2@grosspolowy.com
                                                                                              TOTAL: 6

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Anthony J. Losquadro** | Social Security number or ITIN **xxx–xx–1528** |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court **Eastern District of New York** | | |
| Case number:  **1–18–47134–cec** | | |

# Order of Discharge of Debtor(s)

**Revised: 12/15**

**IT IS ORDERED:**

A discharge under 11 U.S.C. § 727 is granted to:

    Anthony J. Losquadro

**BY THE COURT:**

Dated: May 13, 2019

s/ Carla E. Craig
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

**EXPLANATION OF BANKRUPTCY DISCHARGE**
**IN A CHAPTER 7 CASE**

This court order grants a discharge to the person(s) named in the order. This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay to creditors.

**Collection of Discharged Debts Prohibited**

The discharge prohibits any attempt to collect from the debtor(s) a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor(s). A creditor who violates this order can be required to pay damages and attorney's fees to the debtor(s).

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

**Debts That are Discharged**

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

**Debts That are Not Discharged**

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes (in a case filed on or after October 17, 2005);

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts;

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (in a case filed on or after October 17, 2005).

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**